Mr. Justice Thacker,
delivered the opinion of the court.
Finnall obtained a judgment against Baynton’m. 1841, and proceeded against Ballard, by garnishment, as a debtor of Baynton. Ballard, in his answer, acknowledges that he had leased a house and lot from Baynton, and was thereon indebted, but that Baynton had informed him that the premises belonged to his wife. Baynton and wife interpleaded under the statute for her behalf, and verdict and judgment were rendered for Finnall. The interpleaders moved for a new trial, because the verdict was claimed to be contrary to" law and evidence, and because the court below charged the law erroneously to the jury, but the motion was overruled, and hence this writ of error. On the trial it appeared that the property leased to Ballard was a part of the estate of Joseph Sessions, who deceased in January or February, 1838, and among whose heirs at law was the wife of Baynton; In December, 1839, or January, 1840, an agreement was made and concluded between Baynton, for his wife, and the other heirs of Sessions, that he would receive in her behalf *201 the above-mentioned leased prpperty as her share of the estate, Baynton assuming an indebtedness to the estate, of $3,662 50, he and his wife being indemnified by the other heirs against the debts of the estate. On the 7th day of January, 1840, the other heirs executed a quitclaim deed with special warranty of the said prpperty to Baynton’s wife. It further appeared that the estate of Sessions was much involved in debt, .was still in the hands of an administrator, and had never been distributed other than as before described.
By marriage, a husband acquires, during coverture, the usufruct of all the wife’s real estate, and a lease of her land by him, is good during coverture. Clancy’s R. M. W. 169. Barber v. Harris, 15 Wend. R. 615. These principles of the common law are not affected or altered by our statute of February 15th, 1839, entitled “ an act for the protection and preservation of the rights of married women,” but they remain as they were so found to be established. This is not such a controversy as can interfere with the rights of Sessions’s administrator or the creditors of his estate, and if there be any irregularity in the title or possession of Baynton’s wife to the property, this decision cannot preclude either the rights or the remedy of the administrator or creditors. . As between the parties to the action before us, there can be no doubt that the finding of the jury was correct, because Ballard, in his answer, beyond which we cannot look, admits that he is indebted either to Baynton or to Baynton’s wife, and, in either event, his indebtedness was liable to Finnall’s execution, by means of the process of garnishment. No other parties inter-plead to claim the amount due from Ballard.
It grows out of the argument of counsel in this case to remark, that when a jury have returned a correct verdict according to the law and evidence of a case, although the court below may have instructed them erroneously during the trial, yet this court in a case brought here solely upon a motion for a new trial overruled/ will not disturb the *202 judgment on that account. The end of the law has then already been obtained, without real prejudice to any party. Perry v. Clarke, 5 How. 495; Cartwright v. Carpenter, 7 How. 328.
The judgment of the court below is therefore affirmed.